STATE OF MAINE                                    DISTRICT COURT
SOMERSET, ss.                                     Location: Skowhegan
                                                  Docket No.: 08-CV-160

Clyde Dyar,

      Plaintiff,
                                          **DECISION AND JUDGMENT**
      v.

Gregory Goulette, and
Multi Media Computer Services, Inc.,

      Defendants

      This matter was heard on Plaintiff's Complaint on May 19, 2008. Attorney David Van Dyke represented the Plaintiff. Defendant Gregory Goulette appeared *pro se*. Through his Complaint, Plaintiff seeks to recover damages as the result of Defendants' alleged negligence and conversion in connection with information that Plaintiff claims is proprietary information.

Findings of Fact

      Based on the evidence, the Court makes the following findings of fact:

1. At all times pertinent hereto, Plaintiff worked as a consultant in the area of economic development.

2. In 2006 & 2007, Plaintiff provided economic development consultant services for the Town of Fairfield. Plaintiff provided the services pursuant to a contract with the Town.

3. In connection with Plaintiff's work for the Town of Fairfield, the Town provided Plaintiff with a computer and an office. The office was located in the Teague Center in Fairfield.

4. The Town of Fairfield assigned Laura Guite, an employee of the Town, to provide administrative assistance to Plaintiff. The Town supplied Ms. Guite with a computer for use in connection with her employment with the Town, including her work with Plaintiff.

5. While he was working for the Town of Fairfield, Plaintiff provided consulting services for other entities.

6. Plaintiff maintained personal business information, including his "business contacts", on the Town-supplied computer. Ms. Guite had access to Plaintiff's personal business information through her computer.

7. In 2006, the Town Manager of Fairfield retained Defendant Gregory Goulette to make a copy of all of the information on Plaintiff's computer. Defendant Goulette made the requested copy. At the time, Defendant Goulette was affiliated with Defendant Multi Media Computer Services, Inc.

8. In 2007, after the Town had relocated Ms. Guite to the Town Office, Ms. Guite learned that all of the information on Plaintiff's computer, including his personal business information, was on the Town's server. Town employees with access to the Town's server could access Plaintiff's personal business information.

9. Plaintiff no longer works for the Town of Fairfield, and currently has no municipal contracts.

Discussion

Plaintiff maintains that Defendant Gregory Goulette, while affiliated with Defendant Multi Media Computer Services, Inc., breached the standard of care for a professional in the computer service business by making a copy of information without the permission of the owner of the information. Plaintiff also contends that when he copied the information, Defendant Goulette converted the information. Finally, Plaintiff argues that because the information that Defendant Goulette copied included proprietary

business information, he has lost business as the result of the public dissemination the information.

Although Plaintiff testified that he has less work now than before he learned that his information had been copied, he has failed to prove that the downturn in his business is related to Defendants' actions. Because Plaintiff has failed to prove that he suffered damage as the result of Defendant Goulette's actions, the Court does not have to determine whether Defendant Goulette breached the applicable standard of care, or whether his actions constitute conversion.[1]

Plaintiff's claim fails in part because the Court is unconvinced that the information was disseminated to the general public. In fact, Ms. Guite, who had knowledge of the information before it was placed on the Town's server, is the only person who testified to viewing the information on the Town's server. At most, the few employees of the Town of Fairfield who could access to the server have been exposed to the information. Furthermore, Plaintiff has failed to demonstrate how the placement of the information on the server impacted Plaintiff's business opportunities. The fact that Plaintiff now has fewer accounts, without more, is insufficient to establish a causal relationship between Defendant's actions and the economic loss for which Plaintiff seeks to recover.

In short, on this record, the Court can only speculate as to how, if at all, access to the information by Town employees or any members of the public has damaged Plaintiff. The Court cannot base a damage award on speculation. *See, Hood v. Mercier*, 523 A.2d 572, 575 (Me. 1987); *Michaud v. Steckino*, 390 A.2d 524, 530 (Me. 1978). Because Plaintiff has not proven, by a preponderance of the evidence, that Defendant Goulette's actions caused damage to Plaintiff, Plaintiff cannot prevail on his Complaint.

---

[1] Whether Defendant Goulette, acting at the direction of the Town Manager, could make a copy of the information contained on a Town-owned computer, without the permission of the user of the computer, was a central issue in dispute. Because the Court has concluded that Plaintiff has failed to establish a causal connection between Defendant Goulette's actions and the economic loss for which he seeks to recover, the Court does not have to reach this issue.

Conclusion

Based on the foregoing analysis, the Court enters judgment in favor of the Defendants.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Judgment into the docket by reference.

Dated:  5/29/09

Justice, Maine Superior Court,
sitting by designation

CLYDE DYAR - PLAINTIFF

Attorney for: CLYDE DYAR
DAVID J VAN DYKE - RETAINED 05/16/2008
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116

DISTRICT COURT
SKOWHEGAN
Docket No   SKODC-CV-2008-00160

**DOCKET RECORD**

vs
GREGORY GOULETTE - DEFENDANT
PO BOX 2908,
WATERVILLE ME 04903
MULTI MEDIA COMPUTER SERVICES INC - DEFENDANT
PO BOX 2908,
WATERVILLE ME 04903

Filing Document: COMPLAINT                     Minor Case Type: CONTRACT
Filing Date: 05/16/2008

## Docket Events:

05/16/2008 FILING DOCUMENT - COMPLAINT FILED ON 05/16/2008

05/28/2008 Party(s):  CLYDE DYAR
           ATTORNEY - RETAINED ENTERED ON 05/16/2008
           Plaintiff's Attorney: DAVID J VAN DYKE

05/28/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/28/2008
           ROCHELLE ANN DODGE , ASSISTANT CLERK-E

06/11/2008 Party(s):  MULTI MEDIA COMPUTER SERVICES INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/27/2008
           TO WILLIAM DUBORD

06/12/2008 Party(s):  GREGORY GOULETTE
           RESPONSIVE PLEADING - ANSWER FILED ON 06/09/2008

07/02/2008 Party(s):  GREGORY GOULETTE
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/22/2008

07/08/2008 ORDER - SCHEDULING ORDER ENTERED ON 07/07/2008
           CHARLES C LAVERDIERE , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

07/08/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 09/01/2008

09/03/2008 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 10/14/2008 @ 10:30  in Room No.  1
           NOTICE TO PARTIES/COUNSEL

09/03/2008 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 09/03/2008
           ROCHELLE ANN DODGE , ASSISTANT CLERK-E

10/15/2008 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 10/14/2008
           RAE ANN  FRENCH , JUDGE

10/15/2008 ORDER - PRETRIAL/STATUS ENTERED ON 10/14/2008
          RAE ANN  FRENCH , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

10/16/2008 Party(s):  CLYDE DYAR
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 10/15/2008
          Plaintiff's Attorney:  DAVID J VAN DYKE

11/14/2008 Party(s):  GREGORY GOULETTE
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 10/31/2008

11/18/2008 ORDER - ORDER OF ASSIGNMENT ENTERED ON 11/17/2008
          JAMES  MACMICHAEL , JUDGE
          SKOSC

11/18/2008 ORDER - ORDER OF ASSIGNMENT SENT ON 11/18/2008
          BONNIE  MILLER , ASSISTANT CLERK-E

11/21/2008 CASE STATUS - CASE FILE LOCATION ON 11/19/2005
          SKOSC

11/21/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/21/2008
          JOSEPH M JABAR , JUSTICE

01/12/2009 HEARING - PRETRIAL/STATUS SCHEDULE OTHER COURT ON 02/02/2009 @ 1:30
          SKOSC

01/12/2009 TRIAL - BENCH SCHEDULE OTHER COURT ON 02/06/2009
          SKOSC                                                      ON A TRAILING
          LIST FOR FEB. 6, 9-13, 17-20, AND 23-27, 2009.

01/12/2009 HEARING - PRETRIAL/STATUS NOTICE SENT ON 01/12/2009

01/12/2009 TRIAL - BENCH NOTICE SENT ON 01/12/2009

01/28/2009 Party(s):  CLYDE DYAR
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 01/28/2009

01/28/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 01/28/2009

02/02/2009 HEARING - PRETRIAL/STATUS NOT HELD ON 02/02/2009
          JUSTICE JABAR RECUSES HIMSELF, DUE TO A CONFLICT WITH THE DEFENDANT

02/02/2009 TRIAL - BENCH NOT HELD ON 02/02/2009
          JUSTICE JABAR RECUSES

02/02/2009 ASSIGNMENT - SINGLE JUDGE/JUSTICE RECUSED ON 02/02/2009
          JOSEPH M JABAR , JUSTICE

04/13/2009 TRIAL - BENCH SCHEDULE OTHER COURT ON 05/07/2009 @ 8:30
          SKOSC                                                      ON A TRAILING

LIST WHICH RUNS MAY 8, 11-14, 18-22, 26-27, AND 29, 2009.  THIS CASE IS BACK-UP TO THE CRIMINAL TRIAL LIST.

04/13/2009 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULE OTHER COURT ON 05/05/2009 @ 1:30
           SKOSC

04/17/2009 ORDER - PRETRIAL/STATUS ENTERED ON 04/15/2009
           JOHN  NIVISON , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

05/07/2009 HEARING - TRIAL MANAGEMENT CONFERENCE NOT HELD ON 05/05/2009
           DEFENDANT DID NOT CALL IN

05/07/2009 TRIAL - BENCH CONTINUED ON 05/07/2009

05/07/2009 TRIAL - BENCH SCHEDULE OTHER COURT ON 05/19/2009 @ 8:30
           SKOSC

05/07/2009 TRIAL - BENCH NOTICE SENT ON 05/07/2009

06/02/2009 TRIAL - BENCH HELD ON 05/19/2009
           JOHN  NIVISON , JUSTICE
           Plaintiff's Attorney:  DAVID J VAN DYKE          Reporter: TAMMY DROUIN
           Defendant Present in Court


A TRUE COPY
ATTEST:  _____
                     Clerk